# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.

**MISHA CHAY WEST,**

    **Defendant.**

:

:

**Case No. 2:21-cr-55**
**Chief Judge Sarah D. Morrison**

## ORDER

This matter is before the Court on Defendant Misha Chay West's Motion for Reconsideration of the Court's Order denying her motion for compassionate release. (ECF No. 240.) For the reasons set forth below, her Motion is **DENIED**.

## I. LEGAL STANDARD

"Neither the Federal Rules of Criminal Procedure nor the Court's Local Criminal Rules expressly provide an avenue for parties to seek reconsideration of an order." *United States v. Mathews*, No. 2:19-CR-41, 2024 WL 495539, at *1 (S.D. Ohio Feb. 8, 2024) (Graham, J.). Thus, courts considering motions to reconsider in criminal cases "'typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e).'" *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014) (Rose, J.) (quoting *United States v. Titterington*, No. CR. 2–20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003)). Motions may be granted under that rule if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

controlling law; or (4) to prevent manifest injustice. *Id.* (citing *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)).

## II. ANALYSIS

Ms. West argues that the Court should reconsider its decision to deny her motion for compassionate release because she has submitted additional information that shows she is "the only available caregiver for the children." (Mot., PAGEID # 1515.) She attaches affidavits from her children's current caregivers, Tysin Gordon (the father of three of her children), Debra Blakey (Mr. Gordon's grandmother), and Jakisha Kendrix (family friend), that she argues show they are "physically and/or logistically" unable to fulfill their caregiving role. (*Id.*) But only Ms. Blakey's affidavit indicates that she has limited mobility. (*Id.*, PAGEID # 1520.) While Mr. Gordon and Ms. Kendrix are struggling with the financial and emotional burden of caring for her children, neither is incapacitated. And district courts "routinely den[y]" motions for compassionate release when the defendant cannot show that she would be the only available caregiver, even if her incarceration "imposes substantial burdens on a [caregiver of] a minor child." *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021) (collecting cases).

## III. CONCLUSION

Ms. West's Motion for Reconsideration (ECF No. 240) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**